Brandon, ex parte.

---

## BRANDON, EX PARTE.

HABEAS CORPUS: *Errors at trial not corrected by.*

A prisoner who is denied a jury trial, and convicted in a mayor's court of an offense within the jurisdiction of that court, will not be allowed to test the validity of his conviction by *habeas corpus.* The remedy is by appeal to the Circuit Court.

APPEAL from *Phillips* Circuit Court.
M. T. SANDERS, Judge.

*Stephenson & Trieber* for appellants.

1. Appellant was entitled to a trial by jury, and the proceedings of the city court, after refusing him a jury, were *coram non judice* and void, and *habeas corpus* was the proper proceeding. *33 Ark., 450; 27 id., 467; 45 id., 158; 63 Wis., 285.*

2. Appellant was entitled to a trial by jury. Cite *Mansf. Dig., secs. 2357, 814, 797, 800; Acts 1885, p. 92, sec. 4; Const.*

*1874, sec. 7, art. 2; Dill. Mun. Corp., sec. 361, and note; 17 Wis., 26; 8 Ark., 436; 16 id., 384–410; 2 Oh. St., 296; 12 id., 124; 16 id., 420; 7 Cush., 247; 41 Vt., 504.*

SMITH, J.  Brandon was charged in the mayor's court of Helena with disorderly conduct; pleaded not guilty; demanded a jury trial, which was refused; and was then tried by the mayor, convicted and fined.  Failing to pay the fine, he was taken into custody by the city marshal; whereupon he applied by petition to the Circuit Court for a writ of *habeas corpus*.  But his prayer was denied, and he has appealed.

The question that is sought to be presented is, whether a person charged with the violation of a city ordinance is entitled to a trial by jury in the police court of a city of the second-class?  But an application for *habeas corpus* cannot be made to perform the function of an appeal, or writ of error, in correcting errors and irregularites at the trial.  To authorize the judge of the superior court to interfere and discharge a convicted prisoner in this summary fashion, the sentence must be a nullity, or the court which imposed it must have been without jurisdiction.  *Ex parte Watkins, 3 Peters, 193; ex parte Parks, 93 U. S., 18; ex parte Mason, 105 id., 696; ex parte Carll, 106 id., 521; ex parte Yarbrough, 110 id., 651; ex parte Fisk, 113 id., 713; ex parte Wilson, 114 id., 417; State v. Glenn, 54 Md., 572.*

Section 3570 of Mansfield's Digest enacts, amongst other things, that it shall be the duty of the judge forthwith to remand the prisoner, if it shall appear that he is held in custody by virtue of the final judgment of any competent court of civil or criminal jurisdiction.  And our previous decisions have conformed to the principle embodied in this statute.  *Jones, ex parte, 27 Ark., 349; Stow, ex parte, id., 354; Martin, ex parte, id., 467; Jackson, ex parte, 45 id., 158.*

The judgment exhibited with the petition shows a conviction of an offense, of which the mayor's court had unquestioned jurisdiction. And if, in the progress of the trial, or in the proceedings preliminary to the trial, errors were committed, to the prejudice of the substantial rights of the prisoner, these errors must be brought for review before an appellate court in the regular way. *Habeas corpus* is not a proper proceeding to test the validity of a conviction where the prisoner has been denied a jury. The remedy was by appeal to the Circuit Court.

Affirmed.