BROWNFIELD *v.* SOUTH CAROLINA.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 172.   Argued February 25, 1903.—Decided March 9, 1903.

Where a negro moves to quash an indictment on the ground that he is denied the equal protection of the laws and his civil rights under the Constitution and the laws of the United States by the exclusion of negroes from the grand jury, but the record does not show that he proved or offered to prove the truth of the allegations on which the motion was based, this court cannot interfere with the judgment.

THE case is stated in the opinion of the court.

*Mr. J. L. Mitchell* and *Mr. W. J. Whipper* for plaintiff in error. *Mr. E. M. Hewlett* was with them on the brief.

*Mr. John S. Wilson* and *Mr. W. H. Townsend* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here by writ of error to the Supreme Court of South Carolina. The plaintiff in error has been convicted of murder, and the error alleged is that the grand jury was composed wholly of white persons, and that all negroes, although constituting four fifths of the population and of the registered voters of the county, were excluded on account of their race and color. The plaintiff in error is a negro, and he says that in this way he has been denied the equal protection of the laws and of the civil rights guaranteed to him by the Constitution and laws of the United States. *Carter* v. *Texas,* 177 U. S. 442. The case was taken to the Supreme Court of the State. by appeal and the judgment of the trial court was affirmed. 60 S. C. 509.

We have stated the error which is alleged. The trouble with the case is that we are not warranted in assuming that the allegations are true. The record contains an agreed statement called a brief, in which it appears that the defendant below made a motion to quash on the grounds stated, and in which it is said that the defendant offered to introduce testimony to support these grounds. But this agreed statement is "signed with relation to case as settled by judge." It appears that the parties agreed that the judge before whom the case was tried should "make a statement as to his rulings upon the motion to quash the indictment, and also as to the motion to challenge the arrays of grand and petit jurors in the case, and also as to requests to charge, and such statement shall be the agreed statement for the purposes of this appeal." The challenge of the array referred to was upon the same grounds as the motion to quash.

In pursuance of this agreement the judge made a statement of the grounds on which he overruled the motion. " Because the statement of facts set out in the grounds for quashing the same, did not appear from the records or otherwise. . . . In the absence of any showing to the contrary, I was bound to assume that the jury commissioners had done their duty."

The foregoing language is quite inconsistent with there having been an offer to prove the allegations of the motion, as is the further fact that the record discloses no exception to the supposed refusal to hear evidence offered to that end. If these considerations were not enough, we have, in addition, the absence of any suggestion of a refusal to admit evidence in the reasons for appeal to the Supreme Court, and the statement of the Supreme Court that it was not contended at the hearing of the appeal that there was any offer to introduce testimony on the point "other than the offer therein made." The last words refer, we assume, to the concluding words of the motion : " All of which the defendant is ready to verify." Upon the whole record we are compelled to infer that the statement that the defendant offered to introduce evidence was inserted in the so-called brief by his counsel, but was not agreed to except so far as it might be confirmed by the statement of the judge, and that he did not confirm it. We see no ground for the suggestion that this fact was outside the matters submitted to the judge, and therefore must be taken to have been admitted. Evidently that was not the understanding on the part of the State. It is suggested that the allegations of the motion to quash not having been controverted and having been supported by the affidavit of the defendant, must be taken to be true. But a motion, although reduced to writing, is not a pleading, and does not require a written answer. It appears from the grounds on which the judge decided it, apart from anything else, that the allegations were controverted, and under such circumstances it was necessary for the defendant to make an attempt to introduce evidence. The formal words of the motion were not enough. *Smith* v. *Mississippi*, 162 U. S. 592, 601.

A provisional objection is made to the constitution of South

Carolina, in case it should be held to exclude negroes from the jury. But the ground of the motion was not that negroes were excluded by an invalid constitutional provision, but that they were excluded in the administration of the law, although they were qualified under it to serve. The case involves questions of the gravest character, but we must deal with it according to the record, and the record discloses no wrong.

*Judgment affirmed.*

MR. JUSTICE MCKENNA took no part in the consideration and disposition of this case.