## Ex parte WILLIAMS.

### Opinion delivered June 26, 1911.

1. HABEAS CORPUS—QUESTIONS RAISED.—Upon application for a writ of habeas corpus, if the petitioner is in custody under process regular on its face, nothing will be inquired into save the jurisdiction of the court whence the process came. (Page 475.)

2. SAME—VALIDITY OF ARREST.—A conviction in a police court cannot be called into question collaterally, as upon habeas corpus, because there was no warrant of arrest. (Page 476.)

3. SAME—RIGHT TO JURY TRIAL.—If it was error for the police court to refuse to allow a jury trial, such error could only be corrected on appeal, and the question could not be raised on habeas corpus. (Page 476.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*Vincent M. Miles,* for respondent, Bryant Barry, chief of police.

If it were true, as alleged in the petition, that there was no written charge or information filed against petitioner in the police court, and that he was deprived of a trial by jury, these were mere irregularities which could not be corrected on a hearing of a petition for habeas corpus. That writ cannot be substituted for appeal or writ of error. 45 Ark. 162; 48 Ark. 289; 51 Ark. 218; 55 Ark. 280; 58 Ark. 287; 60 Ark. 95; 70 Ark. 17; 106 U. S. 521, 27 Law. Ed. 288; 49 Ark. 143.

McCULLOCH, C. J. The petitioner, Walter Williams, was tried and convicted in the police court of the city of Fort Smith on the charge of petit larceny in violation of a city ordinance. His punishment was fixed by the court at a certain fine and imprisonment, and he was committed to the city jail. While incarcerated therein under said commitment, he presented to the chancellor his petition for habeas corpus commanding the respondent, as chief of police, to produce the body of petitioner before the chancellor.

An attack is made on the validity of the proceedings on the grounds, first, that he was arrested without a warrant, and, second, that he was denied a trial by jury in the police court. The chancellor sustained the attack on both grounds, and ordered the petitioner's discharge from the custody of the police officer. It

has often been said in decisions of this court that the writ of habeas corpus cannot be converted into a writ of error, and that a case which has been tried in a court of competent jurisdiction cannot be re-tried on the hearing of the writ. If the petitioner is in custody under process regular on its face, nothing will be inquired into save the jurisdiction of the court whence the process came. Ex parte *Perdue,* 58 Ark. 285; Ex parte *Foote,* 70 Ark. 12, The judgment of conviction in the police court is regular on its face, and cannot be attacked on the ground that there was no warrant of arrest. All peace officers are authorized to make arrests for offenses committed in their presence (Kirby's Dig., § 2119); and if it be conceded that police officers must proceed under warrants where the offense is not committed in their presence, the lack of a warrant cannot be called into question collaterally. The court having jurisdiction of the offense, the failure to issue a warrant must be taken advantage of by plea in the same proceedings.

The refusal of the police court to allow a jury was merely an error which could be corrected by appeal only, and that question cannot be raised on habeas corpus. Ex parte *Brandon,* 49 Ark. 143.

The judgment of the chancellor discharging the petitioner from the custody of the police officer was erroneous, and the same is reversed.