ABBOTT *v.* STATE.

Opinion delivered October 22, 1928.

*J. S. Townsend,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant seeks by certiorari to quash the judgment of a justice of the peace imposing a fine on him, and also to obtain his release under a writ of habeas corpus from the custody of the officer who was seeking to enforce that judgment.

The judgment in question was rendered by M. Roundtree, a justice of the peace for Caddo Township, Clark County, and contains the recitals that on September 26, 1927, H. S. Nelson, a justice of the peace for Missouri Township, Clark County, filed with Roundtree a transcript of the proceeding previously pending before Nelson of the case of the State of Arkansas against Arthur Abbott, and that cause was set for trial October 1, 1927. On October 1, 1927, by agreement, the cause was reset for trial on October 8, 1927, but on October 4 the cause was, on motion of defendant, continued, and reset for October 20, 1927. The judgment of Roundtree, as justice of the peace, further recites that: "Now on this October 20, 1927, comes the defendant, Arthur Abbott, in person and by his attorney, J. S. Townsend, and files his motion for change of venue, which is by the court overruled, and defendant refuses to plead further, whereupon a jury of ten good and lawful men were impaneled and sworn to try the case," etc. The judgment further recites that the defendant was found guilty and fined $20, and that his attorney gave notice in open court of an appeal, and further, that on January 14, 1928, a commitment issued for the fine and costs, and was placed in the hands of the constable of Caddo Township for service.

There appears in the transcript a judgment of the Clark Circuit Court, rendered at an adjourned day of

the January, 1928, term of the court, which appears to have been rendered upon a hearing of defendant's petition for discharge upon his petition for habeas corpus, and the relief prayed was denied and the writ of certiorari was quashed. The judgment of the circuit court recites that appellant's appeal was dismissed, but the reason therefor does not appear from the judgment, and, as there is no bill of exceptions, we do not know the ground upon which the court dismissed the appeal, and we must therefore presume that the court's action in dismissing the appeal was proper, and warranted by the facts upon which that action was taken.

The insistence is that the judgment of the justice of the peace was void because of the refusal to grant a second change of venue, and that, as this fact appears from the face of the judgment itself, the justice of the peace was without jurisdiction to try the case, and appellant was entitled to have the judgment quashed on certiorari and to be released on habeas corpus.

Without deciding whether appellant was entitled to a second change of venue, we hold that the judgment of the circuit court must be affirmed.

In the case of *Green* v. *State,* 155 Ark. 45, 243 S. W. 950, the defendant was brought to trial in the municipal court of Pine Bluff, and in apt time he filed a proper petition for a change of venue. The act creating the municipal court provided that the defendant in a criminal case pending in the municipal court "shall have the right to change the venue in any case as is now provided by law in justice of the peace courts; and provided further, that the circuit court shall not have jurisdiction to try any defendant convicted of a misdemeanor in said court where a change of venue has been denied by the judge of the municipal court." The prayer for change of venue was denied the defendant Green, and he was fined by the municipal judge, from which judgment an appeal was prosecuted to the circuit court. The defendant filed in the circuit court a plea to the jurisdiction of the court, on the ground that jurisdiction

was lost upon the filing of the petition for a change of venue, the plea being based upon the provisions of the statute from which we have quoted. The circuit court overruled the plea, and proceeded with the trial of defendant on the merits of the charge, which trial resulted in defendant's conviction, and an appeal was duly prosecuted to this court.

It was contended by the State on the appeal to this court that defendant's remedy was by certiorari, and not by appeal, but it was there said that a judgment void on its face may be attacked by certiorari in the court exercising superintending control, but that remedy is not exclusive, but is cumulative to the right of appeal which is conferred by the Constitution.

It was there also held that: "Under the statute in question, the filing of the petition for a change of venue in proper form transferred the jurisdiction from the municipal court to a justice of the peace, to whom the court should have transferred the papers in the case, and the circuit court should have quashed the judgment of the municipal court and remanded the cause to that court, with directions to transfer it to a justice of the peace, in accordance with the prayer of the petition for change of venue."

But it will be observed that, while the filing of the petition for a change of venue from the municipal court deprived that court of jurisdiction to proceed further, it was so held because the statute creating the municipal court had so provided; otherwise, it would not have been so held.

If appellant here was entitled to a second change of venue (a point not decided), refusing his prayer therefor was an error which did not vacate the jurisdiction of the justice of the peace. *Kinkead* v. *State,* 45 Ark. 536. And if the court retained jurisdiction, the error of refusing a change of venue could not be corrected by certiorari nor entitle appellant, upon conviction, to his release on habeas corpus.

In the case of *Ex parte Byles,* 93 Ark. 612, 126 S. W. 94, 37 L. R. A. (N. S.) 774, it was held that the validity of a judgment of conviction for the violation of a valid statute can be tested only by direct appeal from the judgment, and it has been many times held that, if a petitioner for habeas corpus is in custody under process regular on its face, nothing will be inquired into save the jurisdiction of the court whence the process came. *State* v. *Martineau,* 149 Ark. 237, 232 S. W. 609, and cases there cited.

In the case of *Ex parte Williams,* 99 Ark. 475, 138 S. W. 985, the petitioner for habeas corpus prayed his release upon the ground that he had been denied the right of a jury trial by the judge of the municipal court of Fort Smith, and the chancellor ordered that the petitioner be discharged for that reason. Upon the appeal to this court it was held that the judgment of the chancellor discharging the prisoner from custody was erroneous, for the reason that, if it was error for the municipal court to refuse to allow a jury trial, such error could be corrected on appeal, and the question could not be raised on habeas corpus. See also *Marianna* v. *Vincent,* 68 Ark. 244, 58 S. W. 251; *Ex parte Brandon,* 49 Ark. 143, 4 S. W. 452; *Sharum* v. *Meriwether,* 156 Ark. 331, 246 S. W. 501.

It follows, from what we have said, that the judgment of the court below must be affirmed, and it is so ordered.