Cox v. State.

Opinion delivered June 22, 1931.

Hal L. Norwood, Attorney General, and Pat Mehaffy, Assistant, for appellee.

MEHAFFY, J. The appellant was indicted, tried, and convicted of the crimes of burglary and grand larceny in Searcy County, Arkansas. The indictment charged that the offense was committed January 1, 1931. He was indicted on the 10th day of February, 1931, and the case was called for trial on the 12th day of February, 1931. When the case was called for trial, the appellant filed a motion for a continuance until the next regular term of court, or that the case be postponed until 30 days after March 12th. He alleged as a cause for continuance "that W. U. McCabe, a member of the Arkansas Legislature now in session, which will be adjourned March 12, 1931, as representative from Baxter County, Arkansas, is his attorney and now in attendance in said Legislature, and is employed by defendant to represent him, and he has no

other attorney, and under the law cannot be required to attend this court."

The court overruled appellant's motion for a continuance, to which ruling of the court the appellant objected and excepted. The court then asked the appellant if he desired any attorney be appointed by the court to defend him, and he answered that he did not and refused to make any further plea, and the court entered a plea of not guilty for him, and a jury was impaneled and the trial was had, resulting in the conviction of the appellant.

A motion for a new trial was filed in which it was alleged, first, that the verdict of the jury and the judgment of the court was contrary to law; second, that the court erred in overruling the motion for continuance; third, that, after the court overruled his motion for continuance, he refused to enter any plea to the said charge, and refused to ask for counsel as he was standing upon his rights under the motion for continuance. It was also alleged that the prosecuting attorney committed prejudicial error in his argument. The case is here on appeal.

The Legislature in 1931 passed an act amending § 430 of Crawford & Moses' Digest to read as follows: "'Section 430. That any and all proceedings in suits pending in any of the courts of this State in which any attorney for either party to any suit is a member of the Senate or of the House of Representatives, or is a clerk or sergeant-at-arms or a doorkeeper of either branch of the General Assembly, and any and all proceedings in suits pending in any of the courts of this State in which any member of the Legislature or clerk or sergeant-at-arms or doorkeeper of either branch of the General Assembly is a party, shall be stayed for fifteen days preceding the convening of the General Assembly and for thirty days after adjournment thereof.'

"Section 2. Whereas, many courts of the State will convene during the present session of the General Assembly, and whereas it is more important that members

of the Legislature shall attend to their public duties rather than to their private affairs, and this act being necessary for the immediate preservation of the public peace, health and safety, an emergency is declared, and this act shall take effect and be in force from and after its passage."

This act became a law on the second day of February, 1931. The Legislature convened on the 12th day of January, 1931.

The indictment charges that the offense was committed on the 1st day of January, 1931, but the proof shows that the burglary and larceny were committed on the night of the 19th of January, or possibly the morning of the 20th of January. It therefore clearly appears that the crime charged was committed some days after the meeting of the Legislature.

The indictment against appellant was returned on the 10th day of February, practically a month after the Legislature had convened, and the trial was set for the 12th of February, at which time the appellant filed his motion for continuance, alleging that he had employed W. U. McCabe, who, as representative of Baxter County, was attending the session of the Legislature in Little Rock. The indictment and trial was in Searcy County, Arkansas, at Marshall, quite a distance from Mountain Home, in Baxter County, the home of Mr. McCabe.

There is no indication in the record as to when he employed Mr. McCabe, but it was probably not earlier than the 10th of February, when the indictment was returned. and certainly could not have been earlier than the 20th day of January, at least eight days after the meeting of the Legislature, because the crime was not committed until the 20th. No communication was had from Mr. McCabe, and no claim was made that Mr. McCabe was his regular attorney, or had ever been his attorney until this time.

At common law applications for continuance were addressed to the sound discretion of the court, but, under

the statute above quoted it is mandatory upon the court to grant a continuance when it is made to appear to the court by proper showing that the defendant had employed his attorney prior to the convening of the Legislature and at the time set for trial his attorney was in attendance upon a session of the Legislature; but in this case the crime was not committed until several days after the meeting of the Legislature, and, while the law provides that all proceedings pending in the courts of this State in which an attorney for either party to any suit is a member of the Senate or the House of Representatives shall be stayed for 15 days preceding the convening of the General Assembly and for 30 days after the adjournment thereof, this means attorneys employed before the meeting of the Legislature.

The very language of the act that the proceeding shall be stayed for 15 days preceding the convening of the General Assembly shows that the Legislature meant attorneys for parties who had been employed prior to the meeting of the Legislature. The Legislature evidently did not intend that a person charged with crime in any of the courts of the State could secure a continuance of his case by employing somebody who was a member and already in attendance upon a session of the Legislature. *Johnson* v. *State.* 283 Pac. 590; *People* v. *Goldenson.* 19 Pac. 161; *Holloway* v. *State.* 255 Pac. 1022; *Otey* v. *State.* 263 Pac. 155; *Burkhart* v. *State,* Tex. Cr. App., 26 S. W. (2d) 238.

There is some conflict in the authorities on the question here involved, and the statutes are not in all respects alike; some courts say that these statutes are passed to induce attorneys to become members of the Legislature, but the reason for the enactment of the law here involved is stated in the law itself, and it applies not only to attorneys who are members of the Legislature, but to clerks, sergeants-at-arms, or doorkeepers of either branch of the General Assembly, and the reason given by the Legislature in § 2 of the act is that it is more im-

portant that the members of the Legislature shall attend to their public duties rather than to their private affairs. It is a privilege granted to the attorneys who are members of the Legislature.

In this case. Mr. McCabe, who was a member of the Legislature, made no request for a continuance, and did not communicate with the court in any way. While it is a privilege of an attorney who is a member of the Legislature, a party to a suit had the right to a continuance, either where he has employed an attorney prior to the meeting of the Legislature, and who is at the time attending a session of the Legislature; or, if one's regular attorney is a member of the Legislature, and a suit should arise, the party would have a right to a continuance on account of his attorney being in attendance upon the Legislature; but where a person is indicted after the meeting of the Legislature, charged with the commission of a crime at a time after the meeting of the Legislature, he cannot, by merely employing an attorney who is a member of the Legislature, have his case continued, without any showing as to when the employment was made or that the member of the Legislature is his regular retained attorney. If this was the meaning of the statute, all any person charged with crime in any of the courts would have to do to get a continuance would be to file a motion alleging that he had employed a member of the Legislature to try his suit. One cannot secure a continuance in a case that arises after the meeting of the Legislature by employing a member of the Legislature as his attorney. It has been the practice of the courts throughout the State to accommodate attorneys who are members of the Legislature by postponing the trial of their cases or setting their cases at a time when it will be convenient to try them.

We have not set out the evidence, but have given it careful consideration and find that it is ample to sustain the verdict.

One of the grounds for motion for new trial was that the prosecuting attorney had made an argument that was prejudicial, but no objection was made to this argument at the time it was made, and the appellant cannot raise the question for the first time in his motion for new trial.

The judgment of the circuit court is affirmed.