BARTON-MANSFIELD COMPANY *v.* HIGGASON.

4-4237

Opinion delivered April 6, 1936.

*C. T. Sims,* for appellant.
*W. F. Norrell,* for appellee.

BUTLER, J. This action originated in the court of the justice of peace within and for Drew County, Arkansas. It was filed on January 22, 1935, and resulted in a judgment on March 1, 1935, in favor of plaintiff, Barton-Mansfield Company. During all that time the General Assembly was in session, Hon. W. F. Norrell being the senator from the .................................... senatorial district composed of Drew and Desha counties. Upon the return day of the summons the defendant, Higgason,

secured a continuance until February 4th, and again until February 11th. These dates appear to have been fixed by the justice for the reason that Senator Norrell was in the habit of coming down to Monticello to spend the week-end at his home. On the 11th of February the justice was ill and the case was continued until March 1st. On that day the plaintiff appeared and announced ready for trial while the defendant (quoting from the justice's docket) "announces not ready and makes a motion for continuance until after the Arkansas Legislature adjourns and Senator W. F. Norrell, his attorney, returns to Monticello, Arkansas, which motion was by the court overruled, the court considering the same unreasonable and unfair to the plaintiff." The judgment then recites the taking of testimony on the part of the plaintiff, and that the defendant was given an opportunity to present his evidence but refused to do so. Thereupon the court proceeded to render judgment in favor of the plaintiff, and the defendant prayed and was granted an appeal.

On May 18, 1935, the defendant filed a petition for writ of certiorari in the circuit court of Drew County, alleging the facts hereinbefore recited and, as a defense, that the cause of action was identical with a suit which had been filed before in the court of G. T. Sikes, a justice of the peace in and for Drew County, and that in said cause before said justice judgment had been rendered in his favor which judgment he plead as *res judicata.* On motion of the Barton-Mansfield Company certain paragraphs of the petition for certiorari were stricken by the trial court, and a demurrer to the petition was overruled. At the hearing of the petition, both parties introduced testimony after which the court granted the prayer of the petition, quashed the judgment and ordered "that the justice of the peace * * * be directed to retain jurisdiction of said cause, and for further proceedings, * * *."

Barton-Mansfield Company, the appellant, as conclusive of the action of the justice, relies on the fact that Senator Norrell could not have been employed in the case before the convening of the Legislature because the

suit was not filed until after the Legislature had convened. In support of this contention the case of *Cox* v. *State,* 183 Ark. 1077, 40 S. W. (2d) 427, is cited. That case upheld the action of the circuit court in refusing to grant a continuance in a criminal prosecution where it was alleged, as a cause for same, that a member of the Arkansas Legislature, then in session, was employed by the defendant to represent him. This motion was based on act No. 4 of the Acts of 1931, § 430, Castle's 1931 Supp. to Crawford & Moses' Digest. This act provides that in suits pending in any of the courts of this State, in which an attorney for either party is a member of the General Assembly, proceedings shall be stayed for not less than fifteen days preceding the convening of the General Assembly, and for thirty days after its adjournment, unless otherwise requested by any interested member of the General Assembly.

In the case of *Cox* v. *State, supra,* the court held that the trial court did not err in refusing to grant the continuance where under the circumstances of that case the attorney was employed after the proceedings had been instituted although he was a member of the Legislature at the time of such employment. In commenting upon the facts, the court recognized the right of litigants in proper cases to have a continuance under the provisions of act No. 4, *supra,* but said that ''where a person is indicted after the meeting of the Legislature charged with the commission of a crime at a time after the meeting of the Legislature, he cannot, by merely employing an attorney who is a member of the Legislature, have his case continued, without any showing as to when the employment was made or that the member of the Legislature is his regular retained attorney. If this was the meaning of the statute, all any person charged with crime in any of the courts would have to do to get a continuance would be to file a motion alleging that he had employed a member of the Legislature to try his suit.'' It was noticed by the court that the attorney, who was a member of the Legislature, and alleged to have been employed, made no request for a continuance, and did not communicate with the trial court in any way.

That court, and this one on appeal, as is clearly implied by the language used in the opinion, concluded that the allegation in the motion for continuance was a mere subterfuge adopted for the purpose of securing the continuance. In the case of *Bottoms* v. *Superior Court, etc.,* 82 Cal. App. 764, 256 Pac. 422, in considering a question similar to the one here presented, and under a statute of like import as our own, the court said: "If it be shown that the party to the action claiming the benefit of that provision of said section has other attorneys of record in the case capable of managing it in court, or that some attorney, a member of the Legislature, had been employed for no other purpose than to secure to a party the benefit of the provision in question from sinister or improper motives, then, in either such cases, particularly in the last suggested, a continuance should not be granted."

In the Cox case, *supra,* the court expressly recognized the right to a continuance, not only where an attorney had been employed prior to the meeting of the Legislature, but where "if one's regular attorney is a member of the Legislature and suit should arise, the party would have a right to a continuance on account of his attorney being in attendance upon the Legislature."

It is clear that Senator Norrell was the regular attorney of the appellee, Higgason, having represented him in all matters for as long as ten years prior to the filing of the instant suit, and that he was peculiarly acquainted with the facts involved. The justice, in overruling the motion for a continuance, did not base his action on the time or nature of the senator's employment, but on the fact that he considered the motion "unreasonable and unfair to the plaintiff."

It would then appear that the defendant in the justice court was entitled to a continuance under the provisions of the statute, and the question remaining for our consideration is what is the effect of the judgment rendered by the justice? The statute is quoted at length in the case of *Fox* v. *State, supra,* and from its provisions it would seem that all proceedings in any suit should be stayed when it is brought to the attention of the court that an attorney representing one of the litigants

is a member of, and in attendance on, the General Assembly. In construing the effect of the statute, in that case we said: "At common law applications for continuance were addressed to the sound discretion of the court, but, under the statute above quoted it is mandatory upon the court to grant a continuance when it is made to appear to the court by proper showing that the defendant had employed his attorney prior to the convening of the Legislature, and at the time set for trial his attorney was in attendance upon a session of the Legislature." To the same effect was the holding of the court in *Bottoms* v. *Superior Court, etc., supra,* and in that case a judgment of the lower court was quashed on certiorari where the defendant had invoked the provisions of the statute, and his motion for continuance had been overruled.

It is argued that certiorari cannot be invoked because the defendant had the right of appeal which was lost by his own negligence. If the judgment of the justice was void, certiorari is a proper remedy even though the judgment might have been vacated and set aside on appeal. *Fayetteville* v. *Baker,* 176 Ark. 1030, 5 S. W. (2d) 302. In *Gregg* v. *Hatcher,* 94 Ark. 54, 125 S. W. 1007, a judgment of the justice court was quashed on certiorari where the justice had proceeded in excess of his jurisdiction.

In *Green* v. *State,* 155 Ark. 45, 243 S. W. 950, a judgment of the municipal court was quashed on certiorari, this court holding that where a motion for change of venue had been filed in compliance with the statute, the court was deprived of jurisdiction to proceed further in the case except to make an order changing the venue. The reason for this holding was the peculiar language of the statute which was mandatory in its nature, the effect of which was to prevent any further action by the municipal court after the motion for change of venue had been made except to order the change of venue as prayed.

It is clear, from the imperative language of the statute now under consideration, that all proceedings should be stayed until thirty days after the adjournment

of the General Assembly, and that any other action by the lower court would be in excess of its jurisdiction. Therefore, when the court, in this case, ignored the motion for continuance in violation of the express provision of act No. 4, *supra,* and proceeded to render judgment, it exceeded its jurisdiction, and where this was made to appear to the circuit court it was within its sound discretion to grant the writ prayed for and to quash the unauthorized judgment of the justice court. *Reese* v. *Cannon,* 73 Ark. 604, 84 S. W. 793.

It is contended here that no formal writ was served upon the justice or response made by him. The record shows that the justice appeared in the circuit court bringing with him his docket and the original papers in the case when he was advised of the filing of the petition without requiring the issuance and service upon him of the writ. The purpose of the writ was served when the justice appeared in the circuit court with his docket and the original papers which constituted a waiver on his part of the formal proceeding, and we find no objection made to this which has been preserved in the record.

The judgment of the trial court works substantial justice and leaves the case where it may be tried and determined upon its merits. As we view the effect of the statute, we are also of the opinion that the action of the lower court in quashing the judgment of the justice court is correct, and it is therefore affirmed.

SMITH, McHANEY and BAKER, JJ., dissent.

SMITH, J., (dissenting). It was held, as the majority say, in the case of *Cox* v. *State,* 183 Ark. 1077, 40 S. W. (2d) 427, that the provisions of the act of 1931, are mandatory and so they are. Being mandatory, they should be observed and not violated; which is only another way of saying that courts are not vested with a discretion to continue, or to refuse to continue, suits in which any attorney for either party to the suit is a member of the Senate, or of the House of Representatives, or is a clerk or sergeant-at-arms or a doorkeeper of either branch of the General Assembly. But it does not follow that the judgment is void because of the error of refusing the continuance. The jurisdiction abides. Its erroneous ex-

ercise is an error which may and should be cured in the manner provided by law, pursuant to a practice long-established and well-defined.

If a justice of the peace erroneously refuses to obey this practice act, and tries a case in which an attorney is a member of the General Assembly, or a clerk or a sergeant-at-arms or a doorkeeper of either branch of the General Assembly, he commits an error by violating this mandatory statute. But the error does not render the judgment void. There was no loss of jurisdiction. A very simple and amply sufficient redress is provided, which is the right of appeal, and when that right has been invoked, the case is tried *de novo*. It may be unfortunate if the obstinacy, or ignorance, of the justice of peace makes this expense and trouble necessary. But, if *nisi prius* courts made no mistakes, there would be no necessity for appellate courts. If, when the case reaches the circuit court, the error is repeated, or, if the error is made in a case originating in the circuit court, that error may be corrected upon an appeal to this court, by ordering a new trial; not because the circuit court did not have jurisdiction, but because it had committed an error in the exercise of that jurisdiction.

There are many statutes regulating the practice in both justices of the peace and in the circuit courts. For instance, a justice of peace might erroneously refuse to allow a party to exercise the number of challenges in selecting a jury, to which the statute entitled him. He might even be denied the right of a jury trial. This would be error, but it is one which could and must be corrected by appeal. The party aggrieved could not ignore this simple remedy and have the judgment quashed on certiorari.

In *Abbott* v. *State,* 178 Ark. 77, 10 S. W. (2d) 30, a defendant, who had erroneously been denied a change of venue, sought by certiorari to have the judgment of the justice of peace, who had imposed a fine after denying this right, quashed. We said this error did not vacate the jurisdiction of the justice of the peace (*Kinkead* v. *State,* 45 Ark. 536), and that the error of refusing the

change of venue, and of retaining jurisdiction, could not be corrected by certiorari nor did it entitle the defendant, upon conviction, to his release on *habeas corpus*. This was true because relief should have been obtained by appeal.

In Ex parte *Williams*, 99 Ark. 475, 138 S. W. 985, a chancellor, in a *habeas corpus* proceeding, ordered the discharge of a prisoner who had been fined and committed to jail, after having been denied a trial by jury in the police court. Assuming the right to a jury trial existed, the court said that: "The refusal of the police court to allow a jury was merely an error which could be corrected by appeal only and that question cannot be raised on *habeas corpus*. Ex parte *Brandon*, 49 Ark. 143, 4 S. W. 452."

The case of *Cox* v. *State, supra*, affords no authority for holding to be void the justice's judgment here questioned. There an accused was put to trial in the circuit court, while his attorney was serving as a member of the General Assembly. The judgment was not declared void. It was not even reversed, because the attorney had not been employed before the Legislature convened and was not the regular attorney for the defendant. We read that exception into the act because, as was there stated, it was not thought that the Legislature intended that a person indicted for a felony, even, as was the appellant in that case, might secure a continuance of his case by employing an attorney who was a member of, and already in attendance upon, a session of the General Assembly. It was there stated that the act of 1933 was mandatory; but the opinion contains no intimation that the error of not observing it could not and should not be cured by appeal.

The California case of *Bottoms* v. *Superior Court*, cited and relied upon by the majority, arose under a special statutory proceeding involving the right of condemnation of property. The court there said: "The remedy herein sought is proper. There is no appeal from an order granting or refusing to grant, or, as here, setting aside an order granting a continuance of the trial of a

case. Section 963, Code Civ. Proc. Such an order would be reviewable on an appeal from the judgment, but the circumstances of this case obviously require a more speedy remedy than would thus be afforded. The case of *Chicago Public Stock Exchange* v. *McClaughry,* 148 Ill. 372, 36 N. E. 88, does not hold otherwise."

The Illinois case there cited, and not disapproved, presented only the question of the effect of a refusal to grant a continuance to a litigant as required by a statute of that State whose attorney was "* * * in actual attendance upon a session of the General Assembly at the Capitol of the State and had been employed by complainant as its solicitor in said suit prior to the commencement of the said session of the General Assembly and that the presence and attendance of said solicitor in court were necessary to a fair and proper trial of said case." The Illinois court held that as there was an adequate remedy by appeal, no other relief would be granted.

The case of *Green* v. *State,* cited by the majority arose under an act requiring municipal courts to grant changes of venue in certain cases, and upon certain conditions, and declaring judgments rendered in violation thereof void. In other words, municipal courts could not render valid judgments in cases over which they had lost jurisdiction. The act of 1931, here involved, contains no such provision, and does not attempt to divest the jurisdiction by filing the motion for continuance. The Green case, having arisen under a statute of different purport, has no controlling effect here. The opinion in the Green case, *supra,* appearing in the 155 Ark. 45, 243 S. W. 950, was handed down October 2, 1922, and was delivered by Chief Justice McCulloch. The opinion in the case of *Sharum* v. *Meriwether,* 156 Ark. 331, 246 S. W. 501, delivered January 8, 1923, was written by the same learned Judge. It made no reference to the Green case which was evidently regarded as inapplicable to the facts of that case. In this case of *Sharum* v. *Meriwether, supra,* the probate court had refused a jury to Sharum, who was alleged to be insane and was adjudged so to be by the court. The validity of this judgment was challenged on

the ground that the record affirmatively showed that the court had refused to order a jury and had made the adjudication of insanity without the intervention of a jury. Certiorari to quash this judgment was denied although it was said that the court had abused its discretion and had committed an error in refusing to order a jury. It was so held because, as was there said, this was an error which could and should have been corrected by appeal. The reasoning leading to that conclusion was that the court had jurisdiction which was not defeated because there was an erroneous exercise of it in the proceedings. The error was one which could and should have been corrected by appeal and certiorari could not be employed as a substitute for this sufficient remedy.

I therefore dissent from so much of the majority opinion as holds the judgment of the justice of the peace to be void for the error of refusing to continue the cause on account of the absence of the attorney. I am authorized to say that Justices BAKER and McHANEY concur in the views here expressed.