MANCE v. MUNDT, MUNICIPAL JUDGE.

4-5752                                    135 S. W. 2d 848

Opinion delivered January 22, 1940.

*A. M. Coates,* for appellant.

*John L. Anderson,* for appellee.

McHANEY, J.   Upon the affidavit of the deputy prosecuting attorney that appellant had committed the offense of operating a car for hire without first having paid the "for hire" license fee on said car, in that he received passengers in said car and charged and received 20 cents each for transporting them from Higgins Lane

to Helena, a warrant was issued out of the municipal court of Helena for appellant's arrest upon said charge. He was arrested, arraigned in said court, and, before entering any plea to the charge, requested the court for a trial by a jury of twelve. His request was refused. He was tried by the court without a jury, found guilty and fined $142 with costs. He thereafter filed in the circuit court his petition for a writ of mandamus, setting up the matters aforesaid against appellee, ''commanding and directing that all proceedings had in his court, the assessment of the fine and costs against this defendant be set aside and held for naught and that he be directed to reopen said case and impanel a jury of 12 to hear and determine said cause.''

The circuit court sustained a demurrer interposed by appellee, denied the writ and dismissed the petition, and this appeal followed.

It was held in *Brandon,* Ex parte, 49 Ark. 143, 4 S. W. 452, that a person convicted for violation of a city ordinance cannot be released on habeas corpus for failure of the police court to grant him a trial by jury, as such a writ ''cannot be made to perform the function of an appeal, or writ of error, in correcting errors and irregularities at the trial,'' and it was there further said: ''To authorize the judge of the superior court to interfere and discharge a convicted prisoner in this summary fashion, the sentence must be a nullity, or the court which imposed it must have been without jurisdiction.'' Citing cases. In *Sharum* v. *Meriwether,* 156 Ark. 331, 246 S. W. 501, a case in which Sharum was adjudged by the probate court to be a person of unsound mind over his demand to be tried by a jury, this court held that it was an abuse of discretion on the part of the probate court to refuse a jury where demanded by a person charged with being insane, but that such abuse of discretion was merely an error, which must be corrected, if at all, by appeal. The question arose on petition for certiorari to quash the alleged void order of the probate court and the writ was denied. In *McClendon* v. *Wood, Judge,* 125 Ark. 155, 188 S. W. 6, where a writ of prohibition was sought to

prevent the circuit court from trying McClendon, mayor of Hot Springs, charged by indictment with nonfeasance in office, without the intervention of a jury, the writ was denied and it was there said: ''The jurisdiction of the court itself is undoubted. The jury is but an arm of the court, and, so far as jurisdiction is concerned, it cannot be said that there is any separate jurisdiction of the jury. The jurisdiction is exercised by the court as a whole, and, if there is an erroneous exercise of that jurisdiction during the progress of the matter while pending before the court, the error must be corrected by appeal. There appears to be no escape from that conclusion, and anything that might be said now with respect to the merits of the controversy would be mere dictum.'' See, also, Ex parte *Williams*, 99 Ark. 475, 138 S. W. 985; *Abbott* v. *State*, 178 Ark. 77, 10 S. W. 2d 30, and cases there cited.

Therefore, assuming that appellant was entitled to a jury trial in the municipal court, he being charged with the violation of a state statute and not a city ordinance, although committed in the city of Helena, the refusal of said court to impanel a jury was but an error which could not be corrected by mandamus. As we said in *Jackson* v. *Collins*, 193 Ark. 737, 102 S. W. 2d 548: ''It is settled law that an officer may be required by mandamus to perform the functions of his office; but it is equally as well settled that the officer's discretion in the discharge of this duty will not be controlled or directed by that writ; nor can it be used to correct an erroneous decision already made. *Watson* v. *Gattis*, 188 Ark. 376, 65 S. W. 2d 911.''

So, here, appellant is seeking to correct by mandamus an erroneous decision already made, assuming it to be such, which, as we have already shown, cannot be done. It is said by appellant that an appeal could not correct the mischief already done—a denial of his right of trial by a jury in the first instance. Even so, his only remedy afforded by law, as we see it, is by appeal to the circuit court, where he will be accorded a trial *de novo* before a jury.

Affirmed.