HARAWAY *v.* STATE.

4216                                    153 S. W. 2d 161

Opinion delivered July 14, 1941.

*Jas. S. McConnell,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was tried under an indictment charging him with the crime of grand larceny. He was convicted, and has appealed, and for the reversal of the judgment, sentencing him to a term of five years in the penitentiary, assigns only two errors. These are: (1)

The refusal of the court to grant a continuance, and (2) the refusal of the court to quash the indictment.

When the case was called for trial, appellant filed a motion for a continuance, upon which motion testimony was heard. The testimony was to the effect that appellant had employed Hon. Geo. R. Steel to defend him, and that Mr. Steel was a member of the state senate, and was at that time in attendance upon the sessions of that body. It was shown, however, by appellant's own testimony that he applied to the Hon. J. S. McConnell to defend him, and that Mr. McConnell advised that Mr. Steel be employed in the case, because of his greater experience in criminal law practice, and that Mr. Steel had been employed. This employment was made after the General Assembly had convened, and while it was in session, and Mr. Steel was not appellant's regularly retained attorney, and had not represented appellant in any other matter. Upon this showing, the motion for a continuance was properly overruled. *Lynch* v. *State,* 188 Ark. 831, 67 S. W. 2d 1011; *Barton-Mansfield Co.* v. *Higgason,* 192 Ark. 535, 92 S. W. 2d 841; *Cox* v. *State,* 183 Ark. 1077, 40 S. W. 2d 427. The headnote to the case last cited reads as follows: ''Under Crawford & Moses' Dig., § 430, as amended by act of 1931, providing that proceedings in pending suits in which an attorney for either party is a member of the legislature shall be stayed for 15 days preceding the convening of the legislature and for 30 days after adjournment thereof, *held* that a party is not entitled to a continuance because his attorney is a member of the legislature, and in attendance thereon, unless such attorney was his regular attorney, or was employed in the case before the legislature convened.''

After the motion for a continuance was overruled, Mr. McConnell proceeded and continued to represent appellant, and Mr. Steel has not since appeared in the case, and does not appear here, as counsel for appellant.

After the motion for a continuance had been overruled, there was then presented a written motion to quash the indictment. This motion alleged that the citizenship of Howard county is composed of approximately 80 per cent. of people of the white race and approximately 20

per cent. of the colored or negro race; that many of the persons of the negro race possessed the qualifications of electors, and are eligible to serve upon the juries, both grand and petit, of the county; yet, for many years, these negro citizens have been excluded from jury service on account of their race, and members of that race have, for many years, been entirely excluded from jury service on account of their race. This motion was duly verified.

The record contains the following recital as to the proceedings had upon this motion: "On this day the above styled cause coming on for trial, defendant waives arraignment and enters his plea of not guilty, motion for continuance filed by defendant, motion overruled, motion to quash indictment filed, motion overruled because defendant offers no evidence in support of said motion, defendant excepts, and after judgment on said motion defendant asks permission to introduce further testimony, motion overruled, exception. Jury empaneled and sworn and trial proceeds."

There has also been incorporated in the record the notations of the trial judge upon his docket, which read as follows:

"3/3/41 Defendant waives arraignment and enters his plea of not guilty. Motion for continuance filed by defendant. Motion overruled. Motion to quash indictment filed. Motion overruled because defendant offers no evidence in support of said motion. Defendant excepts after judgment on said motion defendant asks permission to introduce further testimony. Motion overruled, exceptions—jury empaneled and sworn—trial proceeds."

The trial began on March 3d, and was concluded on March 4th. There was filed, on March 4th, a motion in arrest of judgment, and on March 6th there was filed a motion for a new trial, which assigned as error the action of the trial court in refusing to grant a continuance and in overruling the motion to quash the indictment.

Testimony was heard on the motion to arrest judgment, the effect of which was to establish as true the allegations of the motion to quash the indictment in regard to the exclusion of members of the negro race

from jury service. After the admission of this testimony, an objection to it was sustained, and in sustaining the objection the court said: "The court sustains the motion on the ground that there is nothing in the motion to arrest judgment which would make this testimony admissible, and the matter has already been passed on before the trial."

The motion to arrest the judgment was properly overruled. The statute, § 4064, Pope's Digest, provides that "The only ground upon which a judgment shall be arrested is, that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court; and the court may arrest the judgment without motion on observing such defect."

The appeal in this case was perfected May 16, 1941. On July 5th thereafter, a motion was presented to the trial court to correct the record in the case. This motion was heard in DeQueen, the county seat of another county, and in the absence of the defendant. As amended, the record reads as follows: "On this 3d day of March, 1941, comes the defendant by his attorney, Jas. S. McConnell, and comes the State of Arkansas by her Prosecuting Attorney, Boyd Tackett, and both parties announce ready for hearing on the Motion to Quash the Indictment heretofore filed herein by the defendant. Both parties announce ready for hearing on said Motion to Quash and same is submitted to the Court upon the verified motion of defendant herein and argument of counsel, and it is the judgment of the Court that said motion be and the same is hereby overruled for the reason that defendant offers no evidence in support of said motion. Defendant excepts."

It is very doubtful, under the authority of the case of McNamara v. State, 60 Ark. 400, 30 S. W. 762, whether this amended order may be considered for any purpose; but, even so, it shows only that the motion was overruled because no testimony was offered to support it, but it does not contradict or vacate the other recitals of the record, including notations upon the docket of the trial judge to the effect that after the motion had been

overruled, for the reasons stated, the defendant asked permission to introduce testimony to support its recitals.

The request to be permitted to offer testimony to support the motion was made before the trial began, and we think it was in apt time, and that it was an abuse of discretion to deny appellant this right. He did not stand upon his motion, as did the defendant in the case of *Brownfield* v. *South Carolina,* 189 U. S. 426, 23 S. Ct. 513, 47 L. Ed. 882, in which case it was said: "It is suggested that the allegations of the motion to quash not having been controverted, and having been supported by the affidavit of the defendant, must be taken to be true. But a motion, although reduced to writing, is not a pleading, and does not require a written answer. It appears from the grounds on which the judge decided it, apart from anything else, that the allegations were controverted, and under such circumstances it was necessary for the defendant to make an attempt to introduce evidence. The formal words of the motion were not enough. *Smith* v. *Mississippi,* 162 U. S. 592, 16 S. Ct. 900, 40 L. Ed. 1082."

Here, instead of standing upon the motion, appellant asked to be allowed to introduce testimony to support it before the trial began. The testimony was immediately available, and when appellant was finally permitted to make this proof upon the hearing of the motion in arrest of judgment, the allegations of the motion were shown to be true by the testimony of the clerk of the court, who, no doubt, was in attendance upon the court of which he was the clerk. This testimony was not actually offered until after the trial, which was, of course, too late; but the request to be permitted to offer the testimony was made after the motion to quash had been overruled but before the trial of the case commenced, which was in apt time.

The law of this subject has been definitely settled by several recent decisions of the Supreme Court of the United States, a number of which are cited and reviewed in our own recent case of *Bone* v. *State,* 198 Ark. 519, 129 S. W. 2d 240, which case cited also our previous case of *Ware* v. *State,* 146 Ark. 321, 225 S. W. 626.

We have no discretion in following these decisions of the United States Supreme Court, and should we fail to do so, our decisions would be reversed upon appeal to that court.

It may be that appellant will be unable to perfect and prosecute an appeal to the Supreme Court of the United States; but this is no reason for us to deny him the relief which he would obtain, if he did so.

We think the refusal of the trial court to permit appellant to introduce testimony in support of the allegations of his motion, made before the trial began, was error, and for this error the judgment will be reversed, and the cause will be remanded, with directions to permit appellant to make this proof, and if the truth of the allegations of the motion are established, the indictment must be quashed in accordance with the following decisions of the Supreme Court of the United States: *Carter* v. *Texas,* 177 U. S. 442, 20 S. Ct. 687, 44 L. Ed. 839; *Martin* v. *Texas,* 200 U. S. 316, 26 S. Ct. 338, 50 L. Ed. 497; *Norris* v. *Alabama,* 294 U. S. 587, 55 S. Ct. 579, 79 L. Ed. 1074; *Hale* v. *Kentucky,* 303 U. S. 613, 58 S. Ct. 753, 82 L. Ed. 1050; *Pierre* v. *Louisiana,* 306 U. S. 354, 59 S. Ct. 536, 83 L. Ed. 757.