308 So.2d 609 (1975)
Anna DE GUIDO, Appellant,
v.
Joseph DE GUIDO and Highlands Insurance Company, a Foreign Corporation, Appellees.
No. 74-637.
District Court of Appeal of Florida, Third District.
February 4, 1975.
Rehearing Denied March 19, 1975.
*610 David Zoberg, Brian R. Hersh, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant and Richard A. Sherman, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The plaintiff-appellant is conceded to be the wife of the defendant-appellee, Joseph De Guido, but this fact does not appear from any pleading in the cause. She suffered personal injuries in an automobile collision in which she alleged that Joseph De Guido was at fault. The trial court, upon discovery of the fact of the marriage, entered a judgment upon the pleadings for the defendant. See the recent Fourth District case of Heaton v. Heaton, Fla. App. 1974, 304 So.2d 516 (released November 29, 1974) and the cases cited therein.
We hold that the judgment on the pleadings was error for two reasons. First, matters outside the pleadings may not be considered upon a motion for judgment upon the pleadings.[1] Reinhard v. Bliss, Fla. 1956, 85 So.2d 131, Storer v. Florida Sportservice, Inc., Fla.App. 1959, 115 So.2d 433. Castner v. Ziemer, Fla. App. 1959, 113 So.2d 263. Second, the defense had been waived by the failure to include it in the answer. See RCP 1.110 (d).
The waiver of the defense in this case is based upon the following history of the case: The amended complaint was filed September 13, 1973. An answer denying all of the allegations of the complaint was filed October 24, 1973. Five months later, after the cause had been set for trial and the trial once continued, the defendants filed their "speaking motion" for judgment on the pleadings.
*611 It can hardly be urged that the fact of the marriage was lately discovered. Under these circumstances, we hold that a defense of this character, which is in avoidance of liability, should have been affirmatively pleaded and that a strong showing of the unavailability of knowledge of the substance of the defense is necessary to allow its assertion after the cause is set for trial. See Fink v. Powsner, Fla. App. 1958, 108 So.2d 324 and Bradford Builders, Inc. v. Dept. of Water & Sewers, Fla.App. 1962, 142 So.2d 137.
Reversed.
NOTES
[1] See RCP 1.100 and compare Brownfield v. South Carolina, 189 U.S. 426, 23 S.Ct. 513, 47 L.Ed. 882 (1903), where it is said that "... a motion, although reduced to writing, is not a pleading... ."