Smith v. State.

SMITH V. STATE.

1. HOMICIDE: *Juridical cause of death.*
   Where one dies of a disease caused by a malicious wound, or so aggravated by it as to hasten death, in either event the person who inflicts such wound is responsible for the death.

2. SAME: *Same; Instructions.*
   On a trial for homicide where it is shown that the deceased died from a wound maliciously inflicted by the defendant, and the prisoner endeavors to avoid responsibility for the death by showing that the wound was not the cause, nor the cause of the cause of death, the evidence should be plain to warrant the jury in adopting his theory. But if there is any evidence, however slight, to sustain such theory, the court should submit it to the jury under proper instructions.

3. SAME: *Same.*
   On a trial for murder it was shown that the deceased died about four days after he was waylaid and shot. A physician testified that the ball struck under his shoulder blade and ranging around the body eight or ten inches, was cut out just at the front and under the arm, and that it inflicted only a flesh wound. He also testified that on the morning after the night on which the wound was received, the deceased was suffering from an inflammation of the lower lobe of his right lung, and had symptoms of pneumonia, from which he thought at the time of his visit to deceased, more danger was to be apprehended than from the wound. He also stated that the size of the ball and the course it took after striking the body, were such as would be likely to bruise

35

the lung and cause pneumonia. One of the surgeons who afterwards attended the deceased, was subsequently indicted jointly with the defendant for the shooting and the proof tended to establish his guilt. The proof also cast some suspicion on his treatment of the wound, and showed that the deceased died suddenly, almost under his operation of probing it. No one testified directly as to the cause of death. The defendant asked the following instruction which the court refused: "If the jury believe from the evidence beyond a reasonable doubt, that the defendant participated in the shooting of deceased, but fail to find that death resulted from said wound, they may find defendant guilty of assault with intent to kill but not of murder or manslaughter." Held: That since there was some evidence tending to show that the wound was not the juridical cause of death, although it may be regarded as slight, it was error to refuse the instruction.

APPEAL from Scott Circuit Court.
JOHN S. LITTLE, Judge.

STATEMENT.

The appellant, Smith, was jointly indicted with two other persons, for the murder of S. B. Cauthron. The indictment charges that the offense was committed by shooting the deceased with a gun, and the evidence shows that he was waylaid and shot on Saturday night, November 19, 1887, and that he died on the Wednesday evening following. At the time he was shot Cauthron was at a farm house about five miles from home, and remained there until the next Monday when he was removed to his own house. On the trial of the appellant, A. C. James, a regular practicing physician testified :

That he was called to see Cauthron about ten o'clock in the forenoon of the day after he was shot. The morning was cool and the night before had been cool. He found Cauthron lying on a pallet before the fire, quite feeble and suffering from a shot under the right shoulder blade, about two inches to the right of the backbone. The shot ranged around the body about eight or ten inches, and the witness cut it out just at the front and under the right arm, where it was imbedded in the

flesh to the depth of about one inch. The wound was purely a flesh wound—the ball having struck no bone, and its greatest depth, which was under the shoulder blade, did not exceed one and a half inches. Elsewhere the depth of the wound did not exceed one inch. The ball had struck no vital part and the wound was not necessarily fatal. Cauthron had contracted a slight cold and the lower lobe of his right lung was inflamed. He had symptoms of pneumonia. A ball of the size of that which was taken from his body, striking where it did and taking its direction, would be likely to bruise the lung and cause pneumonia. If pneumonia resulted from the wound, the wound would aggravate the pneumonia. The witness visited Cauthron again on the morning next after that on which his first call was made, and found him doing very well, "but the inflammation had increased to some extent." He consented to the removal of Cauthron to the latter's house and gave him some quinine to stimulate him for the trip. He gave him no other medicine of any kind, either for his lung or for his wound. He thought there was more danger from the affection of the lung than from the wound. He also testified that the ball referred to was about size 44.

Other facts are stated in the opinion. The appellant asked the court to give the following instruction which was refused :

"If the jury believe from the evidence beyond a reasonable doubt, that the defendant participated in the shooting of deceased, but fail to find that death resulted from said wound, they may find defendant guilty of an assault with intent to kill, but not of murder or manslaughter."

The defendant was convicted of murder in the first

degree and moved for a new trial. His motion was overruled and he. prayed an appeal which was allowed by one of the judges of this court.

*J. H. Evans, E. Hiner* and *T. C. Humphrey,* for appellant.

1. The court erred in refusing to give the jury instruc-struction number 5—that if the jury find from the evidence beyond a reasonable doubt that defendant was present and participated in the shooting of deceased and fail to find that death resulted from the wound, they may find defendant guilty of assault with intent to kill, but not of murder or manslaughter. 45 *Ark.,* 464; 28 *Id.,* 155; *Whart. Cr, Law, 9th Ed..* sec. 55, 157-8, 163; 28 *Ark.,* 531; 37 *Id.,* 433; *Benton v. State,* 30 *Id.*

*C. A. Lewers, Prosecuting Attorney,* for appellee.

The fifth instruction is abstract, and there was no proof that deceased died of any cause save the wound. Besides the court had already fully instructed the jury on this point in other instructions, to the effect that deceased must have died from the wound, or the effects of the wound, or disease produced by the wound, before they could convict, etc.   28 *Ark.,* 155.

*Dan. W. Jones, Attorney General,* for appellee.

A case of murder in the first degree was made out for the jury. There was no evidence tending to convict appellant of a lower grade of homicide ; and the instructions of the court as to murder alone were sufficient. For the same reasons the court properly refused instruction number 5.   30 *Ark.,* 328; 34 *Id.,* 469; 36 *Id.,* 242; 36 *Ib.,* 284; *Fagg v. State, ante,* 506.

Smith v. State.

OPINION.

COCKRILL, C. J.  It is most probable from the testimony that Cauthron died from pneumonia or congestion of the lung caused by the wound inflicted by the appellant, or so aggravated by it as to hasten death. In either event the wound should be regarded as the juridical cause of death and the prisoner held to the consequences. *Key v. State*, 28 *Ark.*, 155; 1 *Hale Pl. C.*, 428; 1 *Whart. Cr. L.*, sec. 159.

[1] HOMICIDE: Juridical cause of death.

This principle is also deducible from the cases—that one who maliciously inflicts a serious wound upon another from which as the mediate but not immediate cause he dies, is responsible for the death. *Crum v. State*, 1 *So. Rep.*, 1.

But in determining whether the court ought or ought not to have instructed the jury on the question of a lower offense included in the greater charge, we look to the record only to see if there is any testimony to base it on. *Fagg v. State*, ante, 506.  We do not stop to weigh it, and thus try to ascertain what effect, if any, it might have had with the jury.  Where the defendant is shown to have inflicted a malicious wound and the proof shows that death ensues from it, and he seeks to evade the consequences by showing that his act was not the cause, nor the cause of the cause, of death, the evidence should be very plain to warrant the jury in agreeing to his version.  But if there is any evidence to sustain his theory, it must be submitted to the jury under proper instructions from the court.  The court has no discretion to withhold instructions appropriate to any theory of the cause sustained by competent evidence.

[2] SAME: *Same:* Instructions.

Now we cannot say there was not some evidence, even though we may regard it as less than a jury ought, in

[3] SAME: *Same*

conscience, to hang a verdict on, to the effect that the wound was not the juridical cause of death. Dr. James' testimony casts a doubt, a slight one it may be, as to whether the wound either caused or aggravated pneumonia. One of the attending surgeons was jointly indicted with the defendant for waylaying and shooting the deceased, and the proof tended to show his guilt, and that he committed the act to aid in getting the property of the deceased. He was not suspected of complicity in the offense when called in by the deceased. Some suspicion was cast upon his conduct in his method of treating the wound, and the patient died suddenly almost under his operation of probing the wound, though he was in fair strength when it began. No one testified directly as to the cause of death, but the jury were left to their common knowledge and experience to draw conclusions from what they had heard. How can we say that they might not have concluded that the prisoner was guilty of the shooting, but that death did not follow as the result of that act, if the court had submitted the question to them?

The case of *Bush v. Com.*, 78 *Ky.*, 268 is one in which the court reversed a judgment of conviction because of the refusal of the trial court to instruct the jury that they might, under circumstances somewhat like those here presented, find the prisoner guilty of willfully and maliciously shooting and wounding the accused. See too, *Davis v. State*, 45 *Ark.*, 464.

For the error indicated the judgment is reversed and the cause remanded for a new trial.