WEAVER *v.* STATE.

Opinion delivered February 15, 1932.

*U. C. May,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Logan County, Southern District, jointly with Bill Shepherd and Minus Rankin for the crimes of burglary and grand larceny, and convicted on both counts in the indictment and adjudged to serve a term of two years for the burglary and one year for the larceny in the State Penitentiary, from which is this appeal.

The first assignment of error by appellant for a reversal of the judgment is that the court erred in overruling his motion for a continuance to obtain the testimony of Miron Wright to the effect that he (appellant) was not present and did not assist Bill Shepherd and

Minus Rankin burglarize the store of J. W. Hipp in September, 1931, and did not steal or receive any part of the stolen merchandise. The record does not dis lose that appellant requested the court to rule upon the motion nor that the court overruled same. Had the court overruled the motion, it would not have constituted reversible error because the appellant did not state therein that he believed the testimony of the absent witness to be true, which statement is required by §§ 1270 and 3130 of Crawford & Moses' Digest.

The next assignment of error is that the court erred in not continuing the cause because of the absence of other witnesses whose testimony would have shown that appellant was not in company with his co-defendants at the time they burglarized the store. A continuance was not requested by appellant on account of the absence of the witnesses referred to, and, having failed to ask a continuance on account of their absence, he is precluded from raising that question in this court for the first time. He should have raised the question before the trial court.

Appellant's next assignment of error for a reversal of the judgment is that the court overruled the demurrer to the indictment on the ground that one of the grand jurors who returned the indictment was ineligible because he had served on the petit jury within two years, which is prohibited by act 135 of the Acts of 1931. The failure of any of the grand jury to possess any of the qualifications required by law does not invalidate an indictment. Section 3030 of Crawford & Moses' Digest; *St. Clair* v. *State,* 160 Ark. 170, 254 S. W. 473.

The last assignment of error for a reversal of the judgment is that appellant was convicted on the uncorroborated evidence of his two accomplices. Bill Shepherd and Minus Rankin pleaded guilty, and, upon appellant's trial, testified that the three of them burglarized the store, and that appellant received a part of the merchandise. Witnesses who found the stolen goods testified that the tracks around the store and where the goods were found showed that three persons were en-

gaged in the burglary and grand larceny. The tracks were measured with a stick, and appellant's foot was measured with the same stick in the presence of the jury. Minus Rankin lived in appellant's home, and the three of them attended a musical and were drinking together the night the crimes were committed. The record also reflects that appellant had threatened to break into the store and had made plans to do so. The accomplices were sufficiently corroborated to support the verdict and judgment.

No error appearing, the judgment is affirmed.