## TAYLOR *v*. STATE.

Crim. 4017.

Opinion delivered February 22, 1937.

*N. P. Ford,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

McHANEY, J. Appellant was indicted and tried for murder in the first degree for the killing of one Willie Wilson by shooting him with a shotgun. He was convicted of murder in the second degree and sentenced to fourteen years in the penitentiary.

Three grounds are assigned and argued by appellant for a reversal of the judgment and sentence against him: 1. Error of the court in refusing his motion for a continuance; 2, error in admitting an alleged dying declaration of deceased; and 3, that the verdict and judgment are contrary to, and not supported by, the evidence.

■ As to the first alleged error, that the court erred in denying him a continuance on account of the absence of a witness, it does not appear from the motion therefor that appellant exercised any diligence in securing the presence of the witness, nor did the motion name any witness who was absent and whose presence was desired, other than that he was a physician in Jonesboro, "who attended deceased in his lifetime and knew the severity or lack of severity of the wounds" inflicted on deceased, "and that due diligence has been used to obtain said evidence." The last mentioned statement as to diligence is a conclusion of the pleader without alleged facts to support it. In fact, diligence is refuted by the facts alleged. The name of the absent witness is not set out nor is any reason assigned therefor in the motion. It is not alleged that his presence could be had at a later day of the same term or at a subsequent term. It is not alleged that the absent physician attended deceased in his last illness, nor that what he would testify to, if present, could not be proved by any other witness. Under these circumstances the trial court did not err in overruling the motion. It is the settled rule in this court that the question of a continuance is one resting in the sound discretion of the

court and that its action will not be disturbed on appeal except where there is a clear abuse of discretion which amounts to a denial of justice. *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946; *Smith* v. *State,* 192 Ark. 967, 96 S. W. (2d) 1.

■ As to the dying declaration made by deceased, it is contended that it was inadmissible because not made under a sense of impending death. George Wilder, a justice of the peace, testified for the state that he was at the house of deceased on Saturday evening before he died on Tuesday evening and that deceased made a statement to him about the shooting. On objection being made, the state's attorney questioned the witness as follows: Q. Did he make that statement to you under a sense of impending death? A. Yes, sir. Q. What did he tell you? A. I asked him if he wanted to make a statement and he said he wasn't able, and I said, Willie, you may die or you may live, and he said, "I cannot live." Thereupon, he made the statement which was reduced to writing and which was damaging to appellant, and was introduced over objections. We think the statement was properly admitted to be given such consideration by the jury as it was entitled to under the court's instructions. The court instructed the jury on this matter as follows: "Gentlemen, with reference to the statement given by the deceased, which was introduced in evidence, which was given on Saturday before the death of the deceased on Tuesday, it is permissible for you to consider this statement which has been introduced in evidence as evidence, provided you believe that at the time it was given the deceased realized the approach of impending death and gave it in the belief that his death was approaching. If it were not given in the belief that he was going to die as a result of his then condition, it, of course, could not be considered by you." This instruction is a correct declaration under the rules of this court. *Sanderlin* v. *State,* 176 Ark. 217, 2 S. W. (2d) 11. It was, therefore, not error to permit its introduction as there was substantial evidence that deceased realized he was *in extremis.*

■ It is finally argued that the evidence is not sufficient to support the verdict and judgment, in that it fails

to show that deceased died from the effects of the gun-shot wounds. He was shot by appellant with a shotgun and the shot spread over the abdomen and front part of the body, making fifty or more distinct wounds. One of the doctors testified that, in his opinion, he died from the gunshot wounds, and his qualifications were admitted by appellant. Another said the wounds could have caused his death. This was sufficient together with the other facts and circumstances to take the question to the jury, and the court told them that before he could be convicted, they must believe beyond a reasonable doubt that the shooting of deceased by appellant was the proximate cause of his death, and by proximate cause was meant exclusive cause. This instruction was more favorable to appellant than he was entitled to. In *Sharp* v. *State,* 51 Ark. 147, 10 S. W. 228, 14 Am. St. Rep. 127, Judge BATTLE, speaking for the court, quoted the following from 2 Bishop on Criminal Law, 7th Ed., with approval: "But where the wound is not of itself mortal, and the party dies in consequence solely of the improper treatment, not at all of the wound, the result is otherwise. * * * But we should not suffer these propositions to carry us too far; because, in law, if the person dies by the action of the wound, and the medical and surgical action jointly, the wound must clearly be regarded sufficiently a cause of the death. And the wound need not be even the concurrent cause; much less need it be the next proximate one; for if it is the cause, of the cause, no more is required." Citing *Kee* v. *State,* 28 Ark. 155; *Smith* v. *State,* 50 Ark. 545, 8 S. W. 941. Another quotation found in the same case is from Greenleaf on Evidence: "If death ensues from a wound, given in malice, but not in its nature mortal, but which, being neglected or mismanaged, the party died, this will not excuse the prisoner who gave it; but he will be held guilty of the murder, unless he can make it clearly and certainly appear that the maltreatment of the wound, or the medicine administered to the patient, or his own misconduct, and not the wound itself, was the sole cause of his death; for if the wound had not been given, the party had not died."

The evidence was sufficient to take to the jury the question of the cause of death, and, as we have seen, it was not necessary that the wounds should be the "proximate" or "exclusive" cause, but only if they were the cause of the cause, either the mediate or the immediate cause of death. We find no error, and the judgment must be affirmed.