COLLIER *v.* STATE.

4219                         154 S. W. 2d 569

Opinion delivered October 6, 1941.

940

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HUMPHREYS, J. Two indictments, No. 3680 and. No. 3681, were returned against appellant by the grand jury of St. Francis county, Arkansas, on the 17th day of September, 1935, one of which charged him with an assault with intent to kill Allen Ellis by shooting him in said county and state, and the other an assault with intent to kill Eva Ellis by shooting her.

A motion for a continuance was filed by the appellant, and on the 25th day of September, 1935, the court continued the case until the March term, 1936, for the purpose of taking the depositions of Oscar Nipper of Crowell, Missouri, by agreement within sixty days.

On March 22, 1937, Dr. N. C. McCowan was ordered by the court to visit Mrs. Neill and report her physical condition to the court.

Appellant was arrested and gave a bond for his appearance on the 23d day of March, 1937, but on that day failed to appear and a forfeiture was taken upon the bond.

Later an alias warrant was issued for him, and he was required to give a second bond for his appearance.

On March 18, 1941, the case was set for trial on March 28, 1941. At that time the regular judge, Hon. E. M. Pipkin, disqualified himself on account of having drawn the indictments when he was prosecuting attorney and Hon. R. B. McCulloch was elected special judge to try the case. Appellant was arraigned and pleaded not guilty and later introduced testimony tending to establish an alibi.

Appellant then filed a motion to take the deposition of Evelyn Neill who was critically ill with cancer at her home in the town of Sheridan in Grant county, Arkansas, stating that she would never be able to attend the trial in person as a witness. He alleged that at the time the crime was committed he was living with Mrs. Evelyn Neill who was then residing near the home of Allen Ellis and Eva Ellis, and that if she were present or that if her deposition were taken she would testify that he spent the night of June 17, 1935, in her home and did not absent himself therefrom.

The court denied the motion to take the deposition over appellant's objection and exception.

Immediately thereafter and on the same day appellant filed a motion for a continuance which he verified on account of the illness of Evelyn Neill and the absence of her husband who was at her bedside, and that the testimony of both would tend to establish an alibi, and also on account of the absence of Ishman Cunningham and Edward Cunningham whose testimony would be beneficial to appellant. The motion did not contain the substance of what these two witnesses might testify nor the testimony of a third witness who seemed to be out of the state.

The motion for a continuance was signed by the attorneys for appellant, but not verified.

This motion was denied over the objection and exception of appellant.

A motion was then made to consolidate the cases and they were consolidated without objection on the part of appellant.

The case was then tried, resulting in a verdict of guilty of assault with intent to kill, and as a punishment therefor was adjudged to serve a term of one year in the state penitentiary.

Appellant filed a motion for a new trial which was overruled, whereupon he prayed and was granted an appeal to this court.

Appellant has failed to abstract and brief the case so the assignments of error to be determined are contained in the motion for a new trial.

The first assignment of error is that the evidence is insufficient to sustain the conviction. The evidence stated in the most favorable light to the appellee is, in substance, as follows:

Allen Ellis and Eva Ellis testified that on the 17th day of June, 1935, they were residing in Pine Tree neighborhood, in St. Francis county, and that on that night after dark someone called to Allen Ellis and when his wife partly opened the door and both were standing near each other someone fired a shotgun at them, many shots hitting both of them in their respective bodies causing them to be taken to a hospital in Memphis for treatment where he remained for about three weeks, and she for about one week; that they did not know who shot them; that it had rained before they were shot and that it was cloudy and dark outside.

Sam Aldridge testified that he resided in Pine Tree neighborhood and was running a store on June 17, 1935; that he carried in stock shotgun shells, and on the 17th of June, the date on which Mr. and Mrs. Ellis were shot, appellant bought some shells late in the evening; that appellant said he wanted some of the biggest shot we had and I sold him five shells of Super X, size 4, to be used in a 12-gauge shotgun.

Jim Ellis, who was deputized by the sheriff and lived in the Pine Tree neighborhood and assisted the sheriff in making an investigation of the shooting, testi-

fied that the next morning they went to Allen Ellis' home and found gun wads outside and a big brimmed straw hat lying there; that it was a work hat (appellant objected to testimony with reference to the hat on the ground that the hat would be the best evidence. His objections were overruled and he saved his exceptions); that we found tracks where someone had stood there and ran away; that the gun wads were between the tracks and the house; that the ground was soft; that it had rained that night and the tracks were tolerably plain; that they were gum boot tracks; that the tracks went a short distance from the house then in a rainbow circle back to the road; that the tracks went in the back door of appellant's house; that we had followed the tracks about 150 yards; that we then got in the sheriff's car and went to Lester Neill's; that is the place where appellant was living; that we found some gum boots and some wet clothing and two or three different kinds of shells; that appellant was not there; that the boots were near the size of the tracks; that the shells were Super X, size 4 or 6; that over at appellant's house they found some Super X shells, three or four Super X and one Kleenbore; that we also found an automatic 12-gauge shotgun; that we did not find any hat there; that we got in the sheriff's car and went east and overtook appellant and two or three others going east; that the sheriff got out and talked to appellant and did not arrest him at that time; that appellant was bareheaded.

Earl Thomas testified that he was living in Pine Tree neighborhood at the time of the shooting and that he heard about the shooting in about an hour after it occurred; that he saw appellant that afternoon before the shooting about four hours; that he was at Lester Neill's, Waldo Adams and Wilbur Higgins were there with him; that he heard appellant say he was going to shoot Allen Ellis but gave no reason for it; that appellant was drunk at the time.

Ray McKee testified that he was living in Pine Tree neighborhood on the date of the shooting and that he was with appellant the afternoon or evening before Allen Ellis and his wife were shot; that he met appellant about

three o'clock at the school house and stated that he was going to shoot Allen Ellis; that Allen Ellis had reported him for something about a government loan; that he was drinking at the time.

Hubert Neill stated that he was living in Pine Tree settlement in June, 1935; that witness' brother married appellant's sister; that he saw appellant late in the afternoon before the shooting around five or six o'clock; that he came to the field where he was and said my brother sent him over there to borrow my shotgun which was a 12-gauge Remington automatic; that when he left with the gun he went in the direction of where he lived; that he looked like he had had a drink or two, but was not in any way drunk; that he got his gun back three or four days after that time.

At that juncture, the state rested, and appellant moved the court for an instructed verdict of acquittal on the ground that appellee had not connected him with the shooting. The court refused to so instruct the jury over the objection and exception of appellant.

Appellant introduced evidence to the effect that at the time of the shooting and during the entire night of June 17, 1935, he was at the home of Mrs. Evelyn Neill who resided about two miles from the Ellises and he testified himself that he had nothing to do with the shooting and explained that he had bought the shells and borrowed the gun to go hunting the next morning, but admitted that he did not go hunting. He also denied that he had made any threats against Allen Ellis and introduced several witnesses to support his alleged alibi.

It is true that the Ellises testified that they did not know who shot them, but we think the facts and circumstances detailed by the other witnesses for the state were sufficient to warrant the jury in finding that appellant shot Allen Ellis and Eva Ellis.

To sum up the other evidence it was shown that the assailant had on rubber boots; that rubber boots were found the next morning in the house where appellant was living; that the boots were about the size of the tracks made at the scene of the commission of the crime which tracks were followed to the back door of the house where appellant lives; that a hat was found at the place of the

shooting and that the next morning when the sheriff saw appellant on the highway he was bareheaded; that it rained that night and that the clothing found with the boots was wet; that the character of the shot, shells and gun used in the shooting of the Ellises were found where appellant was living; that appellant purchased the shells late in the evening and borrowed the gun to go hunting the next morning and that he did not go hunting; that threats were made by appellant that he intended to take the life of Allen Ellis. These are all strong circumstances tending to connect appellant with the crime and, as stated above, are sufficient to sustain the verdict of the jury.

The next assignment of error contained in the motion for a new trial is the refusal of the court to allow appellant to take the deposition of Mrs. Evelyn Neill who was in another county. Mrs. Neill was confined to her bed with cancer and unable to attend upon the trial. Her illness had been known to appellant for a long time. The record reflects that a physician had been appointed in 1937 to report her condition to the court. Even at that time she was unable to attend as a witness. The case was set on the 18th day of March, 1941, for trial on the 28th day of March. There is no reason why appellant could not have filed this motion on the 18th day of March and obtained the deposition during the week before the case was set for trial. No diligence in getting her testimony was shown and we cannot find that the trial court abused its discretion in denying the motion.

The next assignment of error contained in the motion for a new trial is the refusal of the court to grant appellant a continuance until the next term of court to get the testimony of Mrs. Evelyn Neill and also the testimony of three witnesses out of the state, two of whom were named, the other not named. The purpose alleged for getting this testimony was to bolster appellant's alleged alibi. The testimony, to say the least of it, was cumulative as appellant introduced testimony of other witnesses in support of his alibi whose testimony was to the effect that appellant spent the entire night of June 17, 1935, from late in the afternoon until the next morning in Mrs. Neill's home and that on that account he could not have been present at the place where the crime was committed.

Appellant did not set out in his motion what the other three witnesses would testify to if present so there is no way of telling whether their testimony is material and whether their testimony would be beneficial to appellant. Had appellant alleged what he could prove by them, still the motion was fatally defective in that appellant failed to state that the facts to which the witnesses would, if present, testify are true in his belief. This was a necessary requisite. *Weaver* v. *State,* 185 Ark. 147, 46 S. W. 2d 37; *Lynch* v. *State,* 188 Ark. 831, 67 S. W. 2d 1011.

Our court has ruled that continuances rest in the sound discretion of the trial court, and that its action will not be disturbed on appeal unless same amounts to a denial of justice. *Adams* v. *State,* 176 Ark. 916, 5 S. W. 2d 946; *Smith* v. *State,* 192 Ark. 967, 96 S. W. 2d 1; *Taylor* v. *State,* 193 Ark. 691, 101 S. W. 2d 956.

The court did not abuse its discretion in denying the motion for a continuance.

The next assignment of error contained in the motion for a new trial is that the court erred in consolidating the two cases. The indictments grew out of the same shooting and the injuries suffered by the prosecuting witnesses were received at the same time. The indictments could originally have been included in one indictment under the provisions of subsection 12 of § 3838 of Pope's Digest. The subsection permits the joinder in one indictment of the homicide of several persons, when committed by the same person at the same time or in furtherance of the same criminal design.

The motion to consolidate the cases was made by the prosecuting attorney and they were consolidated by the court without objection or exception by appellant. No error was committed in consolidating the cases. *Boatright* v. *State,* 195 Ark. 611, 113 S. W. 2d 107.

The next error assigned in the motion for a new trial is that the court permitted Allen Ellis and Eva Ellis to testify in the case because they had not sworn that appellant was the person who shot them. The testimony was admitted upon statement of the prosecuting attorney that he would connect this evidence up later with the appellant. We think the facts and circumstances to which the

other witnesses testified sufficiently connected appellant with the crime for the jury to find that he was the assailant in shooting the Ellises. It is also pointed out in the motion for a new trial that it was improper for the court to permit witnesses to testify that they found a broad brimmed work hat at the scene of the crime without producing the hat. Just why the state did not introduce the hat does not appear, but the fact that one was found and the next morning appellant was found traveling without a hat was a circumstance for the jury to consider. We do not think it was necessary for the state to introduce the hat or to prove that it was the property of appellant. As we understand the law it has always been considered proper to describe the conditions surrounding the place of a shooting and what the witnesses found there. We do not think it was error for the witnesses to testify that at the scene of the shooting they discovered a broad brimmed work hat.

The next assignment of error contained in the motion for a new trial is the refusal of the court to grant same on alleged newly discovered evidence. The alleged newly discovered evidence was that of Bill Mann, who made the following affidavit and attached same to the motion.

"The affiant, Bill Mann, states that he is a resident of St. Francis county, Arkansas, and that he was living in the county June 17, 1935, in the section of the county known as Pine Tree; that at that time he was a neighbor of Bernice Collier and Allen Ellis; that he knew both of them well.

"He further states that after Allen Ellis was shot he, Allen Ellis, came to me and offered me $5 if I would testify that I saw Bernice Collier shoot him. After making me this offer, he said that he did not know who shot him, but that he would pay me if I would swear that Bernice Collier did.

"I further state and swear that I was not available at the time Bernice Collier was tried; but if I had appeared as a witness, my testimony would have helped Bernice Collier, for on the day of the shooting above mentioned Collier and I were in that community drinking

and Collier fell in a bar pit about two or three o'clock of the day of the shooting. I pulled him out and left him.''

The motion for a new trial does not show that the appellant or his attorneys swore that the newly discovered evidence was not known to them in time to have brought it forward at the trial. Nor did he set out facts to show that he had used reasonable diligence to bring this matter to the attention of the court. It was necessary that this be done before it could be said that the court abused its discretion in overruling the motion. *Rynes* v. *State,* 99 Ark. 121, 137 S. W. 800.

No objection was made to any of the instructions given, and they fairly and correctly declared the law relative to assaults with intent to kill and relative to the plea of an alibi.

No error appearing, the judgment is affirmed.