HIGGINS *v*. STATE.

4256                                                161 S. W. 2d 400

Opinion delivered May 4, 1942.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellee.

MEHAFFY, J. The prosecuting attorney filed the following information, the formal parts of which are omitted:

"I, Boyd Tackett, prosecuting attorney within and for the Ninth Judicial Circuit of the State of Arkansas

of which Pike county is a part, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant, Jim Higgins, of the crime of assault with intent to kill committed as follows, to-wit: The said defendant on the 3d day of July, 1941, in Pike county, Arkansas, did unlawfully, willfully, knowingly and feloniously and with malice aforethought make an assault in and upon one Charlie Gentry, to-wit: a knife, by cutting and stabbing him, the said Jim Higgins, with the unlawful, willful and felonious intent then and there to kill and murder him, the said Charlie Gentry, against the peace and dignity of the State of Arkansas.''

The evidence introduced on the part of the state showed that appellant was at Mrs. Gillispie's restaurant; that he went into the restaurant with Mr. Kelly and some other men and had an argument over paying for the food; the argument was between appellant and another man. After they had eaten and started to leave, Mrs. Gillispie asked who was going to pay for the food and appellant answered that he had already paid for it. Mrs. Gillispie told them no one had paid for it, and they continued to argue the matter. Charlie Gentry, marshal of Delight, Arkansas, came to investigate the trouble. He told the men to pay for their food and get out; that they were too drunk to stay there. The amount of the bill was fifty-five cents; Kelly paid fifty cents, and another man paid five cents, and they all left except appellant. When Gentry told appellant to get out, appellant swore at him and told him he would get him into it. He then tried to stab the marshal, who first threw a gun in his face and then changed his mind and beat him down with his blackjack and handcuffed him. The marshal took the knife away from him. The shirt and scabbard of the marshal which witness said were cut by appellant were introduced in evidence.

Appellant introduced witnesses who contradicted some of the state's evidence, but the evidence being in conflict, it was a question for the jury to decide.

The jury returned the following verdict: ''We, the jury, find the defendant guilty and fix his punishment at one year in the state penitentiary.''

Judgment was entered accordingly, and appellant was sentenced to one year in the penitentiary. Motion for new trial was filed and overruled, and the case is here on appeal.

"Appellant has failed to abstract and brief the case, so the assignments of error to be determined are contained in the motion for a new trial." *Collier* v. *State,* 202 Ark. 939, 154 S. W. 2d 569.

So, in this case, the appellant has furnished no abstract or brief, and we determine the assignments of error by the motion for a new trial.

The first three assignments in the motion for new trial are: that the verdict is contrary to the law; that the verdict is contrary to the evidence; that the verdict is contrary to the law and the evidence. These raise the question of the sufficiency of the evidence. *Bourne* v. *State,* 192 Ark. 416, 91 S. W. 2d 1029.

It is a well-settled rule that the evidence admitted at the trial will, on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury, it will be sustained. *West* v. *State,* 196 Ark. 763, 120 S. W. 2d 26; *Daniels* v. *State,* 182 Ark. 564, 32 S. W. 2d 169; *Walls & Mitchell* v. *State,* 194 Ark. 578, 109 S. W. 2d 143; *Brown* v. *State,* 203 Ark. 109, 155 S. W. 2d 722.

There was substantial evidence to support the verdict and judgment, and the evidence being in conflict, it was the province of the jury to determine the credibility of the witnesses and the weight to be given to their testimony.

There was no prejudicial error in the giving of the instructions.

The judgment is affirmed.