NEWSOM *v.* STATE.

4981                                                337 S. W. 2d 866

Opinion delivered September 12, 1960.

*Blair & Blair, Robert J. White,* for appellant.

*Bruce Bennett,* Attorney General, by *Ben J. Harrison,* Asst. Attorney General, for appellee.

J. SEABORN HOLT, Associate Justice.    Appellant, Ernest Newsom, a man of mature years and a lifelong resident of Logan County, Arkansas, was sentenced to a term of three years in the State Penitentiary for the crime of unlawfully fondling a child under Ark. Stats. §§ 41-1128—29. For reversal of the judgment appellant contends: ''(I) The verdict is contrary to the evidence and not supported by the evidence, and is not sufficient to overcome the presumption of innocence. (II) The verdict is so excessive as to amount to cruel and unusual punishment.''

We do not agree with either of these contentions. (I) The record reflects that a child, age 10, daughter of Mr. and Mrs. Roy Stallings, was left at Newsom's

home by her father. This was not unusual for this little girl had often spent some time with the Newsoms. About 9 o'clock on the evening in question Newsom walked the little girl home and her mother testified that when she arrived she was nervous and looked as if she wanted to cry. The mother found blood on the child's clothing. Her sexual organs were red. The child was taken to Dr. Charles Smith who examined her and his findings were, in effect, that there was evidence of trauma and slight physical damage and bruising. Also there were two small areas that were raw as though mucous membrane or the skin had been scratched off. He further noted there was no evidence of any entrance into the vaginal cavity.

The little girl testified, in substance: I don't know what happened, Mr. Newsom touched me. He touched me with his hand, it was underneath my clothing, he just bothered me, he put his hand under my dress, just had on my dress and underclothing. He put his hands inside my panties, this was around four or five minutes. He said not to tell anybody or I couldn't visit him any more. He kissed me on the mouth, don't know how many times he had his hands on me when he kissed me. Don't recall whether he had shaved or not. He just messed around.

The above evidence was ample to support a conviction. Here the testimony of this little girl alone, if believed by the jury and it evidently was, was sufficient to convict when viewed in the light most favorable to the State as we must view it, *Higgins* v. *State*, 204 Ark. 233, 161 S. W. 2d 400: "It is a well-settled rule that the evidence admitted at the trial will, on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury, it will be sustained."

(II) As pointed out, we cannot say the verdict was excessive in the circumstances. Section 41-1129, Ark. Stats., *supra* provides that the punishment for one guilty of the revolting crime here involved shall be not less than one year or more than five years in the State Peni-

tentiary and the trial court correctly so instructed the jury.

The jury returned the following verdict: "We, The Jury, find Defendant Guilty as Charged. The Court to Assess the Penalty." Whereupon the court fixed his punishment at a term of three years in the State Penitentiary. It thus appears that the jury, by its verdict, directed the court to fix the punishment and this the jury had the right to do under provisions of Ark. Stats. § 43-2306 which provides: "When a jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment in their verdict, or if they assess a punishment not authorized by law, and in all cases of a judgment on confession, the court shall assess and declare the punishment, and render judgment accordingly."

Finding no error in the trial of this case the judgment is affirmed.