330

Dwight LOMAX *v.*
STATE of Arkansas

CA CR 84-103　　　　　　　　　　676 S.W.2d 464

Court of Appeals of Arkansas
Division I
Opinion delivered October 10, 1984

*Leon F. Pesek, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. The appellant, Dwight Lomax, was found guilty by a jury of the sale of a controlled

substance in violation of Ark. Stat. Ann. § 82-2617 (Repl. 1976), and was sentenced to ten years imprisonment. On appeal, he relies upon seven points for reversal. His attorney here was not the attorney at the trial.

First, the appellant argues that the trial court erred in proceeding without two of his subpoened witnesses' being present. The appellee points out, however, that the appellant did not ask for a continuance or object to proceeding without the witnesses. The failure to ask for a continuance, *Weaver v. State*, 185 Ark. 147, 46 S.W.2d 37 (1932), or to make an appropriate objection, *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), precludes the consideration of this issue on appeal.

Appellant next contends that the trial court erred in proceeding without requiring the state to produce its confidential informant. Normally, the state is required to disclose the identity of an informant when he is present and participates in the alleged illegal transaction but not when the informant merely supplies a lead. *Bennett v. State*, 252 Ark. 128, 477 S.W.2d 497 (1972). This distinction is not always conclusive, however. *West v. State*, 255 Ark. 668, 501 S.W.2d 771 (1973). In the instant case, the informant was present during the transaction involved so the state may have been obligated to disclose his identity, but the appellant's testimony reveals that on the day of the trial he knew the informant's identity. Furthermore, according to statements in the record made by appellant's attorney at the hearing of a motion for new trial, he was also aware of the informant's identity.

Appellant argues further that the state should have produced the informant as a witness although no authority is cited for this contention. Even more prejudicial to appellant's argument, however, is the absence of any motion for disclosure or for "production" of the informant. In addition, there was no motion for continuance or any other objection to keep the trial court from proceeding as it did. Again, without any such motion or objection, this court cannot find that the trial court erred.

The appellant's third contention is that the state failed to establish the chain of custody of the controlled substance allegedly sold (marijuana), and thus the substance should not have been admitted into evidence. There was testimony that on the day of the sale Investigator Jimmy Morris (the "buyer") placed the marijuana in an envelope and labeled and sealed it. He then put his initials on the seal and put tape over it. He kept the envelope in his locked brief case until he turned it over to the state crime lab five days later. (Appellant argues that the evidence could have been tampered with in those five days.) A chemist in the crime lab testified that he received the labeled and sealed envelope and ran tests on the contents which were positive for marijuana. At that point, the state moved for introduction of the marijuana into evidence and the appellant did not object.

Again we note that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court, but even if the objection had been made, we think the chain of custody established was sufficient. This court has said:

> In establishing a chain of custody prior to introduction of evidence, it is not necessary to eliminate every conceivable possibility that the evidence has been tampered with; it is only necessary that the trial judge be satisfied that the evidence is genuine and, with reasonable probability, that it has not been tampered with.

*Ethridge* v. *State,* 9 Ark. App. 111, 119, 654 S.W.2d 595 (1983).

Appellant's fourth argument is that the trial court erred in not allowing him to reserve his opening statement until after the state rested. The record establishes that after the state's opening statement the appellant's attorney moved to reserve the right to make an opening statement after the close of the state's case. At the close of the state's case, there was an in-chambers hearing at which the trial judge stated that at the original conference on appellant's motion, he had expressed serious reservations about the right to reserve opening statement but appellant's attorney had assured him

that he had case law to support the motion. The case presented by appellant's attorney was *McDaniels* v. *State,* 63 S.W.2d 335 (1933), which is listed as not reported in 187 Ark. at 1163. The trial court found that case did not support appellant's position. Therefore, the court denied appellant's request to reserve opening statement and stated that appellant had been put on notice that this might be the decision if appellant's attorney did not provide the court with case law to back his position. Thus, appellant did not make an opening statement and he now argues that there was a denial of one of his fundamental rights.

The main case relied upon by appellant is *Jackson* v. *State,* 249 Ark. 653, 460 S.W.2d 319 (1970). In *Jackson,* the defendant requested to reserve his opening statement until after the close of the state's case. At that time the state did not object and the trial judge assented, but when the state rested, the judge then refused to allow the defendant to make his opening statement, ruling that he had waived his right when he did not make the statement immediately after the prosecution's opening statement. The Arkansas Supreme Court stated the general rule that the defendant's opening statement should be made immediately following the opening statement of the prosecuting attorney, and that refusal to make his statement at that time would constitute a waiver. However, the court found "the failure of the State to object when defendant's request was made was at least a silent acquiescence in the procedure proposed. The failure to permit the defendant to make his belated opening statement deprived him of a fair trial and constituted prejudicial error." 249 Ark. at 656.

We think the instant case is distinguishable from *Jackson.* The record here shows that the appellant assured the trial court that he could supply authority to the court for allowing him to reserve his statement. The trial judge did not at that time give blanket consent but gave consent contingent on appellant's showing him authority for his proposed procedure. Under these facts, the appellant had notice that he would be allowed to make the belated statement only if he could show the court authority for his position. Because of this notice, the court could properly

find that appellant knowingly waived his right to make an opening statement and was not denied a fair trial as a result.

The appellant next argues that the state should not have been permitted to (1) introduce evidence of "other undercover drug operations," or (2) make reference to the fact that appellant was drinking at the time of his arrest. Appellant argues that both issues are irrelevant and, even if relevant, that their probative value is outweighed by their prejudicial effect.

First, it should be pointed out that relevancy is to be determined by the trial court, *Caldwell* v. *State*, 267 Ark. 1053, 594 S.W.2d 24 (Ark. App. 1980), and we cannot reverse absent a showing of abuse of discretion, *Fisher* v. *State*, 7 Ark. App. 1, 643 S.W.2d 571 (1982). *Fisher* also holds that whether probative·value outweighs prejudicial effect is a matter within the trial court's discretion and absent a showing of abuse of that discretion, the case will not be reversed.

Investigator Morris testified that he was in Texarkana "as a part of a major undercover operation for the purchase of drugs." Appellee correctly points out that this evidence is relevant as it informed the jury why Morris was in Texarkana and that appellant's arrest was part of a major operation. We find no abuse of discretion in allowing this testimony and it is difficult to believe this background evidence had any prejudicial effect on appellant's case.

Second, one of appellant's witnesses testified that she had known appellant since he was a child, that she had never known him to use drugs and had never seen him in possession of alcohol or drinking alcohol. On cross-examination, appellee attempted to establish that she did not know the appellant as well as she had testified. She was asked if it would surprise her to know that appellant was drinking when he was arrested. We do not believe the trial court abused its discretion in finding this evidence relevant and in finding that its prejudicial effect did not outweigh its probative value. In *Caldwell* v. *State, supra,* the court stated: "It is logical to allow the cross-examiner to explore the basis

of the witnesses' [sic] opinion, i.e., whether the witness had heard all the facts about the defendant on which to base his opinion." 267 Ark. at 1056.

The appellant's final contention is that there was insufficient evidence to support his conviction because of the many inconsistencies in the testimony and the state's failure to produce the informant to clear up these inconsistencies. In criminal cases we view the evidence in the light most favorable to the appellee and affirm if there is substantial evidence to support the conviction. *Pickens* v. *State,* 6 Ark. App. 58, 638 S.W.2d 682 (1982). Here, Investigator Morris testified that appellant sold him two bags of green vegetable material for $60.00. Other evidence established that the material in the bags was tested in the state crime lab and was positively identified as marijuana. This evidence was clearly sufficient to support the finding that appellant sold a controlled substance in violation of Ark. Stat. Ann. § 82-2617 (Repl. 1976).

Affirmed.

COOPER and CORBIN, JJ., agree.