Kevin Kyle COURTNEY *v.* STATE of Arkansas

CA CR 84-151                                    684 S.W.2d 835

Court of Appeals of Arkansas
Division II
Opinion delivered February 27, 1985

*John Wesley Hall, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint E. Miller,* Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant was convicted of the misdemeanor of negligent homicide. He was driving on a street near the town square of Monticello, Arkansas, about 9 p.m. on June 1, 1983, when he struck Walter Vick, a pedestrian. Vick died eighteen days later. The jury verdict assessed punishment at one year in the county jail, a $1,000

fine, and recommended treatment at a drug and alcohol rehabilitation center.

The appellant admits that his vehicle struck Vick and, although appellant left the scene, he drove immediately home where he told his father what had happened, and within a few minutes appellant and his father went to the police station. A breathalyzer test was performed, and at appellant's request blood was taken for a blood alcohol test. The breathalyzer showed a .15% alcohol content, but appellant denied having had anything to drink for several hours. The result of the blood alcohol test was not introduced into evidence.

Vick, who was a diabetic, was taken to a hospital in Pine Bluff where he was treated until his death. Doctors were not aware that Vick was a diabetic and even though his blood sugar was elevated, he was not treated for diabetes until a couple of days before he died. Pulmonary embolism was listed as the cause of death, but no autopsy was performed until after the body was exhumed several months later. After performing the autopsy, the medical examiner listed the cause of death as diabetes aggravated by blunt trauma.

On appeal, the appellant argues that the evidence is insufficient to support the verdict because there is no substantial evidence that he was guilty of negligent conduct that caused Mr. Vick's death, and that there was no substantial medical evidence to prove that the injuries sustained by Mr. Vick caused his death.

Appellant argues that the evidence does not support the finding that he was negligent because he was driving in the left lane on a one-way street and Vick stepped off the curb into the side of his car. Appellant points out that the damage to the vehicle was to the left fender, post, and windshield; that Vick was retarded and blind in one eye; and that there were photographs introduced that he contends show an obstruction on the street which prevented appellant from seeing Vick before he was hit.

On the other hand, there was evidence that appellant

was speeding; that he was under the influence of alcohol; that the street was well lighted; and that he never applied his brakes before he struck Vick. In addition, parts of Vick's eyeglasses and watch were found near the center of the street in the crosswalk and there was a sign at the intersection which read, "Stop for Pedestrian in Crosswalk."

We must view the evidence in the light most favorable to the appellee and affirm if there is substantial evidence to support the conviction. *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984). Substantial evidence has been defined as "evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other." *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). Appellant suggests that Vick was himself negligent, but contributory negligence would not lessen appellant's culpability. The Arkansas Supreme Court considered such a theory in *Benson* v. *State*, 212 Ark. 905, 910, 208 S.W.2d 767 (1948), and the court said:

> It is also argued that the boys riding the bicycle were guilty of negligence which contributed to the injury and death of [one of them]. The doctrine of contributory negligence recognized in civil actions is inapplicable here. In 5 Am. Jur., Automobiles, § 796, it is said: "The familiar rule that contributory negligence of the person injured or killed by the negligence of the defendant in the operation of an automobile bars a recovery in a civil action has no application to a prosecution for homicide due to criminal negligence in operating an automobile. In such case, the decedent's behavior may have a material bearing upon the question of the defendant's guilt, but if the culpable negligence of the latter is found to be the cause of the death, he is criminally responsible whether the decedent's failure to use due care contributed to the injury or not.

In the present case, we believe there was substantial evidence from which the jury could have found that the appellant was negligent in striking Vick with his automobile. Once that is determined, contributory negligence on the part of the victim is not a defense.

Appellant also argues that the medical evidence did not prove that the injuries received in the accident were the cause of Vick's death. He contends that Vick's physical condition and the failure of the doctors to treat his diabetes was the true cause of death. The medical examiner listed "diabetes aggravated by blunt trauma" as the cause of death, but it is not disputed that immediately prior to the accident Vick, although retarded, blind in one eye and suffering from diabetes, was a functioning human being, able to care for himself and help out at a church. Immediately after the accident, in which he suffered broken ribs, a broken leg and a head injury, he lapsed into a coma from which he never totally emerged. The state was not required to prove that appellant was the sole cause of Vick's death, only that he was a contributing cause. In *Taylor* v. *State*, 193 Ark. 691, 101 S.W.2d 956 (1937), the Arkansas Supreme Court quoted from other authorities and then concluded as follows:

> "[I]n law, if the person dies by the action of the wound, and the medical and surgical action jointly, the wound must clearly be regarded sufficiently a cause of the death. And the wound need not be even the concurrent cause; much less need it be the next proximate one; for if it is the cause, of the cause, no more is required." [Citations omitted.] . . . "If death ensues from a wound, given in malice, but not in its nature mortal, but which, being neglected or mismanaged, the party died, this will not excuse the prisoner who gave it; but he will be held guilty of the murder, unless he can make it clearly and certainly appear that the maltreatment of the wound, or the medicine administered to the patient, or his own misconduct, and not the wound itself, was the sole cause of his death; for if the wound had not been given, the party had not died."

The evidence was sufficient to take to the jury the question of the cause of death, and, as we have seen, it was not necessary that the wounds should be the "proximate" or "exclusive" cause, but only if they were the cause of the cause, either the mediate or the immediate cause of death.

Likewise, in the case at bar, we think the evidence was sufficient to take this issue to the jury.

We find there is substantial evidence to support the finding of the jury, and we affirm the appellant's conviction.

CRACRAFT, C.J., and COOPER, J., agree.